SOL L. DESCARTES, SECRETARY OF THE TREASURY OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, LUIS R. POLO, JUDGE, Respondent. PUERTO RICO DISTILLING COMPANY, Intervener.

No. 2012.    Argued June 4, 1953.—Decided July 22, 1953.

*José Trías Monge, Attorney General (J. B. Fernández Badillo, Acting Attorney General,* on the petition and on the brief), and *Arnaldo P. Cabrera, Assistant Attorney General,* for petitioner. *McConnell & Valdés,* for intervener, plaintiff in the main action.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On June 21, 1950 the intervener, Puerto Rico Distilling Co., appealed to the former Tax Court of Puerto Rico, com-

plaining of certain deductions which it had claimed regarding its income during the year 1945, deductions which had been rejected by the former Treasurer of Puerto Rico, now Secretary of the Treasury. Before appealing to the Tax Court, and in compliance with the provisions of law, the intervener taxpayer gave a bond for the amount of the deficiency levied, plus a specific amount to cover the corresponding interest. Finally, the Superior Court of Puerto Rico, San Juan Section, on February 3, 1953 and after hearing the case on the merits, rendered judgment upholding the determinations of the Secretary of the Treasury as to some of the deductions but vacating and setting aside the deficiencies pointed out by the Secretary of the Treasury as to other deductions, allowing the taxpayer to deduct certain sums. The intervener was ordered to pay to the Commonwealth of Puerto Rico the income tax for the year 1945 determined in the judgment rendered, and the Secretary of the Treasury was asked to make the computations of the tax. The Secretary of the Treasury did so and the intervener paid the corresponding tax, in compliance with the judgment.

The Secretary of the Treasury appealed to this Court in connection with the items which had been decided in favor of the intervener, that is, which had been found deductible by the trial court. After a series of incidents, the trial court finally ordered the cancellation of the bond which had been originally furnished by the intervener before the former Tax Court. The Secretary of the Treasury has filed in this Court the present petition for certiorari, challenging the action of the trial court in cancelling the bond, alleging, in brief, that the taxpayer's original bond should be considered as continuing during the pendency of the appeal to this Court.

■■ The Secretary of the Treasury is correct. Section 6 of Act No. 328 of May 13, 1949 (Sess. Laws, p. 996),

Act creating the Tax Court, substituted at present by the Superior Court, provides as follows:

"Section 6.—Any party aggrieved may appeal to the Supreme Court of Puerto Rico from a final judgment of the Tax Court, upon compliance with applicable provisions of law, through a writ of certiorari for the review of the proceedings of said court, and the Supreme Court shall substantiate said writ basing itself exclusively on the record of the case before the respondent court. In the cases where the applicable law requires as a prerequisite for appealing to the Supreme Court that the tax determined by the Tax Court be paid, the writ of certiorari shall be filed in the Supreme Court within the thirty (30) days following the date on which the Secretary of the Tax Court serves on the taxpayer and on the Treasurer of Puerto Rico notice of the approval of the computation of the tax as determined by said court. In all other cases the writ of certiorari shall be filed in the Supreme Court within the thirty (30) days following the date of the filing in the record of the notice of final judgment; *Provided,* That the issuance of a writ of certiorari by the Supreme Court shall stay the effects of the judgment object of the writ until the Supreme Court enters final judgment."

The aforesaid § 6, considered jointly with § § 13 and 14 of the Judiciary Act of Puerto Rico (Act No. 11, approved July 24, 1952—Spec. Sess. Laws, p. 30) which substitutes the former Tax Court with the Superior Court, grants the Secretary of the Treasury as well as the taxpayer the right to appeal to the Supreme Court, and provides that the appeal to this Court shall be instituted under the terms and conditions established by the applicable law. An applicable statutory provision is § 2 of Act No. 235, approved May 10, 1949 (Sess. Laws, p. 732) which provides as follows:

"Section 2.—*Taxpayers' Remedies:*

"A.—*Appeal from Decisions of the Treasurer of Puerto Rico.*—Whenever a taxpayer disagrees with a decision notified to him by the Treasurer of Puerto Rico and is by law entitled to appeal therefrom to the Tax Court of Puerto Rico, he shall do so in the manner, within the term, and upon compliance with the requirements herein provided, as follows:

"1. *Income Tax*

"From a final determination of a deficiency notified in the manner provided for in Section 57(a) of the Income Tax Act of 1924, or from a final decision denying a claim in abatement, notified in the manner provided for in Section 62(b) of said Act, by filing complaint in the Tax Court of Puerto Rico, in the manner provided for by the law creating said court, within the term of thirty (30) days, from the date of mailing said notice of the final determination of the Treasurer of Puerto Rico, after giving bond in favor of the latter and before him, subject to the approval of said official, for the amount of the tax notified, plus interest computed for a period of one (1) year at the rate of six per cent (6%) per annum; *Provided, however,* That the taxpayer may pay that part of the tax to which he agrees and file complaint for the remainder in the Tax Court of Puerto Rico, in the manner aforesaid, upon giving the bond above-mentioned, for the amount of the tax in litigation, plus interest computed for a period of one (1) year, at the rate of six per cent (6%) per annum; *And provided, further,* that whenever a final decision of the Treasurer of Puerto Rico denying a claim in abatement is appealed from, the taxpayer shall not be under obligation to give the bond required by this section, if the bond accompanying the claim in abatement guarantees, in the judgment of the Treasurer, the tax assessed, to its payment in full; *And provided, finally,* That both the term of thirty (30) days within which to appeal to the Tax Court of Puerto Rico, and the giving of the bond abovementioned, where such bond is required, within the said term of thirty (30) days, shall be considered of a jurisdictional character."

The Section above establishes the need for the taxpayer to give a bond as a condition precedent to the institution in the Superior Court of proceedings concerning income tax. There is no express statutory reference as to furnishing a new bond when the taxpayer appeals to this Court, although the payment by the taxpayer of the corresponding deficiencies upon appealing is required under this Section; neither is there any express statutory provision as to the continuation of the original bond when the Secretary of the Treasury appeals to the Supreme Court. However, the legislative in-

tent upon requiring the taxpayer to give a bond at the Court of First Instance was evidently to have the taxpayer guarantee the payment of any possible deficiency judicially determined, by final judgment. The purpose of having adequate guaranties should continue even if the Secretary of the Treasury appeals to this Court. It implies the existence of a legislative intent, based on standards of public policy, for the purpose of maintaining the continuation of the original bond when the Secretary of the Treasury has instituted proceedings for appeal to this Court. The exercise by the Treasurer of his right to appeal should not be subject to the burden and punishment of eliminating the guarantees of the tax payment. Besides, under the afore-cited § 6 of Act No. 328 of 1949, the filing of an appeal to this Court stays the effects of the judgment of the trial court until after we render a final and unappealable judgment. In the case at bar, the effectiveness of the judgment in favor of the taxpayer has been stayed. Thus the efficacy of the original bond continues. The bond should be considered as continuing until this case is definitively decided.

■ Since in the case at bar the taxpayer paid the Secretary of the Treasury that part of the tax in issue which, according to the Superior Court, it was bound to pay, it is obvious that he was entitled to a reduction in the original bond equivalent to the sum paid, for the bond as regards that sum would fail to have any practical utility or any legal purpose. The fact that the appeal filed by the Secretary of the Treasury stays the effects—favorable to the taxpayer—of the judgment rendered by the Superior Court, does not prevent the bond from being reduced in the equivalent to the payment, for such reduction would not be predicated on the favorable effects of the judgment but on the fact of the payment itself of a part of the tax in issue, which from that moment, and by reason of payment, was no longer in litigation and therefore did not have to be guaranteed by a bond.

As to a *status quo pendente lite* we should consider all contingencies including the possibility that this Court might decide in favor of the points of view of the Secretary of the Treasury. In this event, the taxpayer would then be bound to pay finally the remaining deficiencies. Until then, the bond must stand.

The taxpayer alleges that the statute requires a bond before the Court of First Instance renders judgment because up to that time the determination of the Secretary of the Treasury is presumed correct, and that said presumption disappears after judgment is rendered. But that is not the essential reason for the bond in question. Its main purpose is to guarantee the payment of the deficiencies which might be finally determined. And, as we have seen, the effects of the judgment have been stayed.

The decision appealed from will be set aside.